UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Stephen Paul McClane,

            Plaintiff,

   v.

City of Walla Walla et al.,

           Defendants.

CASE NO. C17-5116 RBL-DWC

ORDER TRANSFERRING CASE

` Plaintiff Stephen Paul McClane, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Because Plaintiff is housed at Washington State Penitentiary ("WSP") located in Walla Walla, Washington, and his claims arise out of actions committed at WSP, the Court orders this case be transferred to the Eastern District of Washington.[1]

---

[1] Because an order transferring venue pursuant to 28 U.S.C. § 1404(a) does not address the merits of the case, it is a nondispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Pavao v. Unifund CCR Partners,* 934 F. Supp. 2d 1238, 1241 (S.D. Cal. 2013); *Corrinet v. Burke,* 2012 WL 1952658, at *6 (D.Or. Apr. 30, 2012); *Shenker v. Murasky,* 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996) ("An order issued by a magistrate judge transferring venue under 28 U.S.C. § 1404(a) is non-dispositive."); *Holmes v. TV–3, Inc.,* 141 F.R.D. 697, 697 (W.D. La. 1991) ("Since [a motion to transfer venue] is not one of the

## BACKGROUND

Plaintiff, who is currently incarcerated at Washington State Penitentiary ("WSP") alleges Defendants violated his constitutional rights when they failed to properly prosecute and adjudicate a case he filed regarding staff assault at the Clallam Bay Corrections Center ("CBCC"). Dkt. 6 at 3.

Plaintiff alleges Defendant Donaldson, the Walla Walla City Attorney, "failed to bring charges [against] me." *Id.* at 4. Plaintiff alleges Defendant Donaldson should have charged him based on a May, 22, 2015 infraction. *Id.* Plaintiff alleges Defendant Martin, the Walla Walla County Superior Court Clerk, would not allow Plaintiff to retain a public defender for his staff assault case at CBCC. *Id.* Plaintiff alleges Defendant Lohrman, a Walla Walla Superior Court Judge, refused to help Plaintiff determine if he has a disability and seek other relief. *Id.* Plaintiff requests "due process in my staff assault at [CBCC]." Dkt. 6 at 4. Plaintiff does not seek monetary damages. *Id.*

The Court has not ordered the Clerk's Office to attempt service of process. Defendant has not appeared in this action. *See* Dkt. On March 7, 2017, the Court ordered Plaintiff to show cause why his case should not be transferred to the Eastern District of Washington. Dkt. 7. The Court warned Plaintiff failure to file a response to the Court's order would result in Plaintiff's case being transferred to the Eastern District. Dkt. 7. Plaintiff did not file a response to the Court's Order. *See* Dkt.

---

motions excepted in 28 U.S.C. § 636(b)(1)(A), nor is it dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court.").

## DISCUSSION

Venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

Here, it is clear Defendants all reside in Walla Walla, Washington and Plaintiff's claims arise out of actions committed at WSP in Walla Walla, Washington, which is within the venue of the Eastern District of Washington. *See* 28 U.S.C. §§ 128(a).[2] Accordingly, the Court orders this case be transferred to the Eastern District of Washington.

The Clerks' Office is directed to electronically transfer this case to the Eastern District of Washington fifteen days after the date of this Order.

Dated this 5th day of May, 2017.

David W. Christel
United States Magistrate Judge

---

[2] The only allegation related to the Western District of Washington is Plaintiff's request for "due process" related to his staff assault case at CBCC. Dkt. 6 at 4. However, it does not appear Plaintiff is challenging any conditions of confinement at CBCC, but instead, Plaintiff is challenging Defendants' failure to provide him with assistance in litigating his claims arising out of staff conduct at CBCC. *Id.* at 3-4.